

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JACQUELINE BLOODWORTH** **#424724** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 04-2651** |
| **JOHNNIE JONES, WARDEN** | * | **SECTION: "I"(6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the reasons set forth below, it is recommended that the instant petition be **DENIED WITH PREJUDICE as time-barred**.

### Procedural History

Petitioner, Jacqueline Bloodworth, is a state prisoner currently incarcerated in the Louisiana Correctional Institute for Women, in St. Gabriel, Louisiana.  On February 24,

```
___ Fee_____
___ Process_____
_X_ Dktd_____
_V_ CtRmDep_____
___ Doc. No_____
```

2000, petitioner was convicted by a jury of second degree murder, a violation of La. R.S. 14:30.1. On March 2, 2000, petitioner was sentenced to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence, with credit for time served.[1] Petitioner appealed her conviction and sentence to the Louisiana Court of Appeal, Fourth Circuit, on or about December 5, 2000, under Writ No. 00-KA-2336. On June 27, 2001, the conviction and sentence were affirmed[2] and no rehearing was requested. Petitioner filed an untimely request for writ of certiorari and/or review with the Louisiana Supreme Court on August 9, 2001.[3] On May 10, 2002, the Louisiana Supreme Court denied the writ.[4]

Subsequently, petitioner, *pro se*, mailed a letter dated March 7, 2003, to the Clerk of Court for Orleans Criminal District Court, reportedly containing a copy of an application for post-conviction relief (PCR)[5]. The letter was twice stamped as "Received,"

---

[1] See State Record, Vol. 1 of 9, Docket Master, page 3, entry dated 03-02-2000, **State v. Jacqueline Bloodworth,** No. 408-241, Orleans Parish Criminal District Court, State of Louisiana.

[2] **State v. Bloodworth**, 790 So.2d 118 (Writ No. 2000-KA-2336) (La. App. 4th Cir. June 27, 2001). See State Record, Vol. 7 of 9, for copy of opinion.

[3] See State Record, Vol. 7 of 9, Letter dated August 9, 2001, from the Clerk of the Louisiana Supreme Court. The filing was post-marked on August 2, 2001.

[4] **State ex rel. Jacqueline Bloodworth**, 815 So. 2d 836 (Writ No. 2001-KH-2318) (La. May 10, 2002). See State Record, Vol. 7 of 9, for copy of ruling.

[5] See State Record, Vol. 1 of 9, Uniform Application for Post-Conviction Relief. The date of petitioner's signature on the PCR is February 10, 2003.

2

metered first on March 19, 2003, and second on April 17, 2003.[6] The district court denied PCR relief on April 17, 2003.[7] The record also shows that, on May 27, 2003, Attorney Keith Hurtt, appeared in open court for the filing of "Petitioner's Post-Conviction Writ Application."[8]

Petitioner filed for review of the denial of her PCR application in the Louisiana Court of Appeal, Fourth Circuit on May 27, 2003.[9] The Fourth Circuit denied the writ on June 23, 2003, stating that petitioner failed to demonstrate that relief should be granted as there was no error in the district court's April 17, 2003, denial of petitioner's application for PCR.[10] Petitioner sought supervisory and/or remedial writs in the Louisiana Supreme Court on July 31, 2003, under Writ No. 03-KH-2171.[11] On August 20, 2004, the Louisiana

---

[6] See State Record, Vol. 1 of 9, letter dated March 7, 2003.

[7] **Ibid**, Judgment dated April 17, 2003.

[8] See State Record, Vol. 1 of 9, Docket Master page 3, entry date May 27, 2003; also see Minute Entry dated May 27, 2003. Further review of the record shows that the Petitioner's Post-conviction Writ Application dated April 17, 2003, was to be filed in the Louisiana Court of Appeal, Fourth Circuit (see State Record, Vol. 1 of 9 for copy of the Application).

[9] See State Record, Vol. 8 of 9 for a copy of the application.

[10] **State v. Bloodworth,** Writ No. 2003-K-0940 (La. App. 4th Cir. June 23, 2003). See State Record, Vol. 8 of 9 for a copy of the ruling.

[11] See State Record, Vol. 9 of 9, for copy of the application.

Supreme Court denied relief.[12]

Petitioner filed her federal application for habeas corpus relief on September 10, 2004.[13] The following claims were presented: ineffective assistance of counsel (seven subparts included); denial of due process and a fair trial; denial of right to a jury trial (disproportionate exclusion of African Americans from petit jury panel); and, denial of right to trial by jury (unconstitutional selection of jury foreperson by the judge.)[14]

The State filed its response to the habeas corpus petition on January 13, 2005.[15] The State did not address the merits of petitioner's claims. However, the state argues that the petition should be dismissed as untimely, pursuant to Title 28, United States Code,

---

[12]See **State ex rel. Jacqueline Bloodworth v. State of Louisiana,** 882 So.2d 568 (Writ No. 2003-KH-2171) (La. Aug. 20, 2004).

[13]*See* Federal Rec. Doc. No.2. This September 10, 2004, filing date was ascertained via the Court's use of the federal "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his/her petition is presumed to be the date he/she delivered it to prison officials for mailing. *See* **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his *habeas corpus* application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v. State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition). Petitioner signed the declaration on her petition on September 10, 2004.

[14]See Federal Record, Doc. #2, pages 4-5 and memorandum attached thereto at pages 2-10.

[15]See Federal Record, Doc, #7, Response to Habeas Corpus Petition.

4

Section 2244(d).

## Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his *habeas corpus* claims pursuant to Title 28, United States Code, Section 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[16] *See* Title 28, United States Code, Section 2244(d)(1) (West 2005). In this case, Bloodworth's conviction became final on July 11, 2001, fourteen days after June 27, 2001, the date the Louisiana Court of Appeal, Fourth Circuit, affirmed her conviction and sentence.[17] However, the later date for Bloodworth's federal limitations period to commence would be July 27, 2001, 30 days after the date the conviction became final as that is when the time for seeking review of the Louisiana Court of Appeal, Fourth Circuit's decision expired. Therefore, as of July 27, 2001, Bloodworth could no longer seek review of the appellate court's decision[18] except through the filing of post-conviction relief.

---

[16] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. **Lindh v. Murphy**, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

[17] *See* La. C. Cr. P. art. 922.

[18] La. S.Ct. Rule X, Section 5 provides:

(a) An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for

5

Accordingly, the court finds that Bloodworth's one year limitation period commenced to run on July 27, 2001. Petitioner therefore had until July 27, 2002, to file her federal habeas petition but failed to file until September 10, 2004. As a result, her federal habeas petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in Title 28, United States Code, Section 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As previously stated, petitioner filed a request for writ of certiorari to the Louisiana Supreme Court, on August 9, 2001, which was denied on May 10, 2002.[19] However, that filing was untimely under La. S. Ct. R. X§5(a) because it was filed more than 30 days after the Louisiana Fourth Circuit ruled on Bloodworth's direct appeal. Under

---

supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. **No extension of time therefor will be granted** (emphasis added).

The record shows that the mailing of the notice of the original judgment of the court of appeal, in this instance, occurred on June 27, 2001. See State Rec. Vol. 7 of 9.

[19]See **State ex rel. Jacqueline Bloodworth v. State of Louisiana**, 815 So.2d 836 (Writ No. 2001-KH-2318) (La. May 10, 2002).

federal habeas corpus law, this untimely filing cannot be considered in the tolling calculation under the AEDPA for the following reasons.

The United States Fifth Circuit Court of Appeals has held that a writ application to the Louisiana Supreme Court which fails to comply with La. S. Ct. R. X§5(a) is not properly filed because it is untimely, and post-conviction review is not pending for purposes of AEDPA's statute of limitations and tolling doctrines. **Williams v. Cain,** 217 F.3d 303, 309-11 (5th Cir. 2000). Therefore, Bloodworth cannot benefit from any tolling as a result of her improperly filed and untimely writ application in the Louisiana Supreme Court. Without receiving "tolled" time for the filing with the Louisiana Supreme Court, Bloodworth had a lapse of **599** days (between the July 27, 2001, filing deadline to the Louisiana Supreme Court and the filing date of Bloodworth's state post-conviction application on March 19, 2003), which is **234** days past the one year federal deadline to file her habeas petition. Accordingly, petitioner's federal habeas corpus petition should be considered time barred, absent a basis for equitably tolling petitioner's prescriptive period.

The United States Court of Appeals for the Fifth Circuit has held that the one-year period of limitations in Section 2244(d)(1) of the AEDPA may be equitably tolled, but only in "rare and exceptional circumstances." **Fisher v. Johnson**, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); **Cantu-Tzin v. Johnson**, 162 F.3d 295, 299 (5th Cir. 1998); **Davis v. Johnson**, 158 F.3d 806, 810 (5th Cir. 1998). The Fifth Circuit has

made it clear that a pro se prisoner's ignorance or misinterpretation of applicable law does not constitute "exceptional circumstances" for the purpose of equitably tolling the AEDPA's one-year statute of limitations.  See **Felder v. Johnson**, 204 F.3d 168, 171-73 (5th Cir. 2000). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" **Coleman v. Johnson**, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), quoting **Rashidi v. American President Lines**, 96 F.3d 124, 128 (5th Cir. 1996).

In this instance, petitioner does not offer the court any reason for the delay in filing her federal petition nor does the court's independent review of the record reveal a valid justification for equitable tolling.  Accordingly,

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the petition of Jacqueline Bloodworth for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED WITH PREJUDICE as being time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. **Douglass v. United Services Auto. Ass'n,** 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 29th day of November, 2005.

LOUIS MOORE, JR.
United States Magistrate Judge